# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **GERALD STACKS** | **CASE NO. 2:17-CV-01321** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **HARCO SERVICES L L C ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Presently before the court is the Defendants' Motion for Summary Judgment [doc 27] which relates solely to the issue of the Plaintiff's claim for punitive damages and attorneys' fees. The parties have fully briefed the matter.

## BACKGROUND

This lawsuit involves a traffic incident which occurred on US Highway 171 in Lake Charles, Louisiana. Plaintiff alleges was injured riding his motorcycle due to the negligence of defendant, Willard Honea, Jr. in maneuvering his tractor trailer rig into a parking lot. Honea, who was driving the tractor trailer rig in the course of his employment with Harco, was attempting to back into a parking lot and initially blocked several lanes across the highway. Plaintiff believed the tractor trailer was stopped and proceeded to pass behind the rig. According to Plaintiff, Honea unexpectedly started backing his rig up just as Plaintiff was passing. In order to avoid crashing into the rig, Plaintiff was forced to lay down the motorcycle. Plaintiff's maneuver to avoid a crash resulted in a broken leg and other injuries.

Plaintiff is a Louisiana resident. Defendant, Honea, is a resident of Georgia and Harco Services, LLC is an entity domiciled in Georgia. Plaintiff asserts he is entitled to punitive damages

under Georgia law. Defendants seek summary judgment dismissing the claims for punitive damages and attorneys' fees as Louisiana law does not provide a basis for these claims.

## LAW AND ANALYSIS

### 1. Summary Judgment Standard

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The Court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier

of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

2. **Choice of Law Analysis**.

Louisiana law prohibits an award of punitive damages and/or attorney's fees unless expressly authorized by statute. *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039 (La. 1988); *Egan v. Kaiser Aluminum & Chemical Corp.*, 677 So.2d 1027, 1037-38 (La. App. 4th Cir. 5/22/96). No Louisiana statute authorizes punitive damages in this case. Georgia law, however, permits the imposition of attorney fees and punitive damages in certain circumstances. Plaintiff contends Georgia law governs the question of punitive damages in this case. Based upon this conflict, the court must determine which state's law to apply on this issue.

In diversity cases, the law of the forum state governs the proper choice of law. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). As such, the court must apply Louisiana's choice of law provisions to determine which state's law will apply to the issue of punitive damages. Louisiana specifically addresses the issue of punitive damages, as follows:

> Punitive damages may not be awarded by a court of this state unless authorized:
>
> (1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or
>
> (2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.

La. C.C. Art. 3546. This provision is not a model of clarity. Under this provision, the Court must essentially examine three areas of contact, namely (1) where the injury occurred; (2) where the conduct occurred; and (3) the domicile of the person who caused the injury. Article 3546 requires that two of these three contacts must be Georgia for Plaintiff to claim punitive damages under

Georgia law. It is undisputed that the injury occurred in Louisiana. The other two areas of contact are in dispute.

### a. *Where the Injurious Conduct Occurred.*

The conduct alleged against Mr. Honea was his "dangerous and unsafe operation of the tractor-trailer," which occurred at the site of the accident in Lake Charles, Louisiana. Plaintiff alleges that the conduct of Harco occurred in Georgia. Plaintiff asserts that Harco was negligent in hiring Mr. Honea because he lacked necessary experience, and that Harco failed to properly train and supervise Mr. Honea. Plaintiff cites the Louisiana Supreme Court decision in *Arabie v. CITGO Petroleum Corp.*, 89 So.3d 307 (La. 3/13/12), as support for the argument that the location of a corporation's headquarters is where injurious conduct occurs if that is where the decisions were made which lead to the injury. While the *Arabie* court did analyze the location of corporate level decision as a possible location for where injurious conduct occurred, the court there ultimately held that "[i]n light of the State's general policy against punitive damages, we hold that, in determining the location where injurious conduct occurred, management or corporate level decisions must outweigh tortious activity which occurs locally in order for the location of the corporate or management decision to be considered the locale of the injurious conduct."[1] In the instant case, Harco's allegedly injurious conduct, the negligent hiring, training and supervising of Mr. Honea, occurred in Georgia.

---

[1] Id at p. 317.

### b. *Domicile of the Person Who Caused the Injury.*

Mr. Honea is a resident of Georgia and Harco is an entity domiciled in Georgia. However, for purposes of a conflict of laws analysis under Louisiana's choice of law statutes, the court must consider Article 3548, which provides:

> For the purposes of this Title, and provided it is appropriate under the principles of Article 3542, a juridical person that is domiciled outside this state, but which transacts business in this state and incurs a delictual or quasi-delictual obligation arising from activity within this state, shall be treated as a domiciliary of this state.

Harco has submitted evidence of substantial business which it transacts within Louisiana. According to the Declaration of Jerry Hollis,[2] a member and co-owner of Harco: (1) Harco has performed more than ten projects in Louisiana, which projects last two to three months each generally; (2) Harco holds a Building Construction License with the Louisiana Licensing Board for Contractors; (3) Mr. Hollis holds an Underground Storage Tank License with the Louisiana Department of Environmental Quality; and (4) Harco is authorized by the Louisiana Secretary of State to transact business in the State of Louisiana. The delictual obligation alleged by Plaintiff resulted directly from Harco's business activities in Louisiana – i.e. Mr. Honea's alleged negligence in operating his tractor trailer while delivering materials for Harco. Accordingly, Harco must be treated as a domiciliary of Louisiana provided it is appropriate under the principles of Article 3542. Civil Code Article 3542 provides:

> Except as otherwise provided in this Title, an issue of delictual or quasi-delictual obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of:
>
> (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual

---

[2] Exhibit B to Harco's Reply Memorandum in Support of Motion for Summary Judgment [doc 34]

residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and

(2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts.

In *Taylor v. Clarke Power Services*, 2017 WL 4540758 (E.D. La. 2017), the court addressed similar facts involving a Louisiana plaintiff who was injured in Louisiana by an out of state defendant; as here, there were allegations of wrongful conduct occurring in Louisiana and in other states. In *Taylor*, the plaintiff asserted a claim for punitive damages under Ohio law against the defendant, a corporation formed in Ohio. In addressing the issue of the domicile of the corporation under Article 3548, the court in *Taylor* analyzed the pertinent contacts under Article 3542, as guided by the factors set forth by the Louisiana Supreme Court in the *Arabie* case. In *Arabie*[3], the court identified and examined the following factors in determining whether it would be appropriate under the principles of Article 3542 to consider a defendant oil company a Louisiana domiciliary: (1) the pertinent contacts of each state to the parties; (2) their contacts to the events giving rise to the dispute, including the place of conduct and injury; (3) the domicile, habitual residence, or place of business of the parties; (4) the state in which the relationship between the parties was centered; (5) deterring wrongful conduct; (6) repairing the consequences of injurious acts; (7) the relationship of each state to the parties and the dispute; and (8) the policies and needs of the interstate system, including the policies of upholding the justified expectations of the parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.[4] The *Arabie* court explained that the factors were "neither exhaustive nor hierarchical, and is intended to discourage a mechanistic counting of contacts ... [T]he evaluation

---

[3] 89 So.2d at 316.
[4] Id. at 315–16.

of factual contacts should be qualitative rather than quantitative, and should be made in light of the policies of each contact-state that are pertinent to the particular issue in dispute."[5]

The first factor, the pertinent contact of each state to the parties, weighs in favor of applying Louisiana law. The Plaintiff is a Louisiana resident and there is no indication that he has any contact with Georgia. Harco is a Georgia entity but is authorized to do business in Louisiana and conducts business here.

The second factor, each state's contact with the events giving rise to the dispute, also weighs in favor of Louisiana law. Although the Plaintiff alleges negligent actions on the part of Harco in Georgia, the actual events which give rise to the dispute occurred in Louisiana.

The third factor examines the domicile, habitual residence or place of business of the parties. While Harco conducts business in Louisiana, the bulk of its business occurs in Georgia. Plaintiff, however, is domiciled in Louisiana. As such, this factor does not weigh in favor of Louisiana or Georgia.

The fourth factor examines the state where the parties' relationship was centered. This factor weighs heavily in favor of the imposition of Louisiana law. The sole connection between the parties was the accident which occurred in Louisiana.

The fifth factor addresses deterrence of wrongful conduct. At first blush, this factor appears to favor the application of Georgia law. However, both the *Arabie* and *Taylor* courts found this issue to be neutral: "[t]he fifth factor, deterring wrongful conduct, appears to favor the imposition of punitive damages, the purpose of which is to punish wrongful conduct. The strength of this

---

[5] Id. at 316.

factor, however, is diminished by Louisiana's policy disfavoring punitive damages in general. As a result, this factor is neutral."[6] The court agrees this factor is neutral in the present case.

The sixth factor, regarding repairing the consequences of injurious acts, is also neutral for the same reason that it was found neutral in *Arabie*: "[t]he imposition of punitive damages ... has no bearing" on this factor because plaintiffs may be made whole by an award of compensatory damages.[7]

The seventh factor addresses the relationship of each state to the parties and the dispute. While Georgia has some contacts with one party (Harco) and there are conduct in Georgia, the court finds that this factor weighs in favor of Louisiana law. As succinctly stated by the *Taylor* court, "this lawsuit, which was filed in Louisiana and is rooted in Louisiana law, centers on a fatal crash that occurred in Louisiana and caused damages and injury only in Louisiana."[8]

The eighth and final factor examines the policies and needs of the interstate system, including the policies of upholding the justified expectations of the parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state. In both *Arabie* and *Taylor*, the courts concluded that this factor favored the application of Louisiana law. The reasoning of both courts was that the corporate defendant would not likely anticipate the application of punitive damages based upon the law of one state on an action filed in a different state. The Court agrees. Harco could easily anticipate that a lawsuit for damages arising from an accident in Louisiana would be controlled by Louisiana law. But it is unlikely that Harco would anticipate the application of Georgia's law on punitive damages in that Louisiana action.

---

[6] Id. at 318.
[7] Id.
[8] Taylor v. Clarke Power Services, 2017 WL 4540758, at *6.

In considering the foregoing factors, the court finds that it is appropriate, under the principles stated in Article 3542, to consider Harco a Louisiana domiciliary for purposes of the choice of law analysis of Article 3548 and 3546. The bulk of the contacts, both in number and significance, involve Louisiana.

## CONCLUSION

Given that Harco is a Louisiana domiciliary for purposes of the choice of law analysis of Article 3548, the Court finds that punitive damages are not permitted under either prong of 3546. Under the first prong of Article 3546, although the injurious conduct alleged against Harco occurred in Georgia, both the resulting injury and the domicile of the party allegedly causing the injury point to Louisiana. Further, both locations covered by the second prong of Article 3546, namely where the injury occurred and the domicile of the party allegedly causing the injury, point to Louisiana, not Georgia. As to Mr. Honea, while he is domiciled in Georgia, the injurious conduct alleged against him as well as the resulting injury occurred in Louisiana. Article 3546 therefore prohibits the imposition of punitive damages under Georgia law as to both Harco and Mr. Honea. Given that there is no statutory basis for punitive damages or attorney fees under Louisiana law, the Court finds that there is no genuine issue of material fact concerning the issue of punitive damages and attorney's fees. Defendants' Motion for Summary Judgment is granted and the Plaintiff's claim for punitive damages and attorney fees is dismissed.

THUS DONE in Chambers on this 13th day of March, 2019.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE